IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICIA KAY CHAPMAN                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:15CV273-CWR-LRA

DANE COUNTY HUMAN SERVICES                                                      DEFENDANT

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court on Patricia Kay Chapman's motion for leave to proceed *in forma pauperis* (IFP) [2]. Examining only her income and expenses, the undersigned finds that Chapman is entitled to proceed without the prepayment of fees. She alleges that she is homeless and unemployed and has a mental disability. She receives $90 per month in food stamps but has no other source of income. The undersigned recommends that Chapman's motion be granted.

The Plaintiff is prosecuting this case *pro se*. Therefore, her pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Mindful of this law, the undersigned Magistrate Judge has considered whether this Court has jurisdiction to hear this case, noting that subject-matter jurisdiction "must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (citations omitted). Also a consideration is whether Plaintiff would be able to obtain personal jurisdiction over Defendant, a non-resident, even if she were allowed to proceed in this Mississippi federal court. Finally, the undersigned notes that Plaintiff has filed her complaint in a venue which has no connection whatsoever to Defendant or to the factual events which led to this lawsuit.

In her complaint, Chapman states that she is an adult resident of Hinds County, Mississippi, and that Defendant is an "adult County Agency of the County of Dane, State of Wisconsin." Complaint [1, p, 1]. According to Plaintiff, she was investigated by Defendant for child abuse of her three minor children in 2012. During the investigation, she was questioned by the Social Worker regarding a debt she owed to the Wisconsin Department of Revenue and regarding the nationality and race of her children. She then moved to Tennessee and attempted suicide. Later, in 2013, Plaintiff's sister called the police department in McFarland, Wisconsin,

and Plaintiff was again investigated by Defendant Dane County Human Services. Plaintiff eventually lost custody of her children, and she contends that it is the fault of this Defendant. She concludes that Defendant refused to help her get her children back when Dodge County took them away. It also was negligent and refused to treat her children's mental condition and refused to stop the harassment by her sister and ex-husband.

As relief, Plaintiff seeks the return of her two younger children, and asks that they be "removed from my sister Laurie Chapman and my X Husband Adam Henning." She also seeks $2,700,000.00 in damages.

After reviewing the Complaint, the undersigned is unable to determine precisely what federal claims are raised, which facts pertain to any claims raised, the legal basis for Plaintiff's claims, or whether the Court has jurisdiction. Even assuming that Plaintiff has stated a constitutional claim which would give rise to federal jurisdiction, there is no basis for her claims to be considered by this federal Court in Mississippi. None of the facts recited by Plaintiff occurred in Mississippi, nor do any of the actions taken by the Dane County Human Services involve Mississippi or any occurrences in Mississippi. All of the claims involve the custody of Plaintiff's children in the State of Wisconsin, and this Defendant has utterly no connection to Mississippi. The only Mississippi connection is that Plaintiff now lives here.

If Plaintiff has stated a cause of action, she has sued in the wrong venue. Venue is based on 28 U.S.C. § 1391(b), which states that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants reside in the same State;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff has sued over events that occurred in Wisconsin, and any federal venue would only be proper in the United States District Court for the Western District of Wisconsin.

Additionally, no personal jurisdiction could be obtained over this Defendant even if Plaintiff were allowed to proceed in Mississippi. Personal jurisdiction arises out of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985). No such act on the part of this Defendant has even been alleged, and personal jurisdiction is a fundamental question in every case.

28 U.S.C. § 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Dismissal or transfer under §1406(a) may be undertaken *sua sponte. See Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (1989).

The undersigned recommends that Plaintiff's complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1406(a). There is no indication that any relevant statute of limitations has run, and Plaintiff may sue the Dane County Human Services either in the state courts of Wisconsin or in the federal district court in the Western District of Wisconsin.

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed without prejudice on the basis that Plaintiff has filed her Complaint in the wrong federal court.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within 14 days after service of this report and recommendation. Plaintiff is hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 8th day of May, 2015.

s/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE